**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DAVONNA ANDERSON, ) | |
| ) | |
| Plaintiff, ) | **Case No.:** |
| ) | |
| v. ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| IC SYSTEM, INC., ) | |
| ) | **(Unlawful Debt Collection Practices)** |
| Defendant. ) | |
| ) | |

DAVONNA ANDERSON ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against IC SYTEM, INC. ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Telephone Consumer Protection Act 47 U.S.C . § 227, *et. seq.* ("TCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Maryland, therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Edgewood, Maryland 21040.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a corporation with its principal place of business located at 444 Highway 96 East, St. Paul, Minnesota 55127-2557.

9. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12. At all relevant times herein, Defendant was attempting to collect a consumer debt and contacted Plaintiff in its attempts to collect that debt.

13. Plaintiff never incurred any debt in connection with a business or commercial activities and therefore the debt if truly an obligation owed by her could only have arisen from a financial obligation primarily for personal, family, or household purposes.

14. Beginning in or around late January 2015, and continuing through July 2015, Defendant placed repeated and continuous harassing calls to Plaintiff's cellular telephone.

15. Defendant's calls originated from the numbers including, but not limited to: (605) 496-0704. The undersigned has confirmed that this number belongs to Defendant.

16. During the relevant period Defendant placed, on average, one (1) call each day to Plaintiff's cellular telephone.

17. Upon information and belief, when contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice.

18. Defendant's messages would state; "Hi, this is _____. We're calling to speak to _____. Press 9 to be removed the calling list."

19. Defendant's telephone calls to Plaintiff's cellular telephone were not made for "emergency purposes."

20. Defendant's calls were intended for a third party female unknown to Plaintiff.

21. Although Plaintiff pressed nine (9), as instructed, Defendant's calls continued.

22. Furthermore, when Plaintiff was able to get speak to a live collector and advise them of their mistake, she also revoked consent for any future communication to her cellular telephone.

23. Defendant, again, ignored Plaintiff's request and continued to call her cellular number for several months thereafter.

24. Defendant's calls were equally inconvenient as they were unwarranted, where on several occasions; Defendant placed calls before 8:00 a.m. and after 9:00 p.m., as well as, calling every weekend.

25. By continuously calling over a debt she did not owe, and failing to update its records to avoid the further harassment of Plaintiff, Defendant engaged in conduct which had the natural consequences of harassing the recipient.

26. Defendant's actions, as described herein, were taken with the intent to mislead, harass, and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692b(3) OF THE FDCPA

27. A debt collector violates section 1692b(3) of the FDCPA by communicating with any person other than a consumer more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

28. Defendant violated section 1692b(3) of the FDCPA by communicating with any person other than a consumer more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

## COUNT II
## DEFENDANT VIOLATED § 1692c(a)(1) OF THE FDCPA

29. A debt collector violates section 1692c(a)(1) of the FDCPA by communicating with the consumer at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer, including communication between a debt collector and consumer prior to 8:00 a.m. or after 9:00 p.m.

30. Defendant violated section 1692c(a)(1) of the FDCPA by placing numerous collection calls to Plaintiff at her cellular telephone about another individual's debt, and when it called before 8:00 a.m. and after 9:00 p.m.

## COUNT III
## DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA

31. A debt collector violates section 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with

4

the collection of a debt.

32. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

33. Defendant violated section 1692d of the FDCPA by calling Plaintiff about another person's debt after being told it was calling the wrong person with the intent to annoy, abuse, and harass Plaintiff.

## COUNT IV
## **DEFENDANTS VIOLATED § 1692f OF THE FDCPA**

34. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

35. Defendants violated § 1692f when it failed to update its internal records; and, generally, when it used unfair and unconscionable means to collect a debt which was not hers.

## COUNT V
## **TELEPHONE CONSUMER PROTECTION ACT**

36. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation

37. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

38. Despite the fact that Plaintiff never consented to Defendant placing calls to her, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

39. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

40. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent.

WHEREFORE, Plaintiff, DAVONNA ANDERSON, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

    e. Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendant willfully or knowingly violated the TCPA; and

    f. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DAVONNA ANDERSON, demands a jury trial in this case.

Respectfully submitted,

DATED: August 7, 2015

By: <u>/s/ Amy L. Bennecoff Ginsburg</u>
Amy L. Bennecoff Ginsburg, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Avenue
Ambler, PA 19002
Tel: 215-540-8888
Fax: 215-540-8817
Email: aginsburg@creditlaw.com
Attorney for the Plaintiff